861 F.2d 268
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Leon GLICK, Petitioner-Appellant,
v.
Lloyd BRAMLETT, Attorney General of the State of Arizona,
Respondent-Appellee.
 No. 87-2078.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Aug. 2, 1988.
Decided Oct. 27, 1988.
 Before GOODWIN, BARNES and KILKENNY, Circuit Judges.
 
 
 1
 Leon Glick, an Arizona state prisoner, appeals pro se the district court's dismissal of his habeas corpus petition for failure to exhaust his state remedies. Glick contends that Ariz.Rev.Stat Sec. 13-4232 bars further petitions for relief in state courts and thus, the exhaustion requirement is satisfied. We affirm.
 
 FACTS
 
 2
 Leon Glick was convicted of child molestation and sexual assault on May 20, 1982. Glick appealed his conviction to the Arizona Court of Appeals, which affirmed the conviction on April 12, 1983. The Court of Appeals denied Glick's petition for rehearing on July 13, 1983. Glick did not petition the Arizona Supreme Court for review. On September 7, 1983, an Arizona Superior Court denied Glick's first petition for post-conviction relief.
 
 
 3
 Glick then petitioned the federal district court for a writ of habeas corpus under 28 U.S.C. Sec. 2254. The court dismissed the petition for failure to exhaust available state remedies. In its order, the district court directed Glick to exhaust his available state remedies--a delayed petition for review or rehearing of the Arizona Court of Appeals' decision or a petition for review of the superior court's denial of his post-conviction petition. Glick did not pursue either of these remedies.
 
 
 4
 On July 10, 1984, a state superior court dismissed Glick's second petition for post-conviction relief, holding that the earlier state appellate decision precluded Glick's second petition. The Arizona Court of Appeals affirmed the dismissal on April 18, 1985. Glick again did not petition the Arizona Supreme Court for review.
 
 
 5
 On July 18, 1986, Glick filed a second habeas petition in federal district court. On January 15, 1987, the district court again dismissed Glick's petition for failure to exhaust state remedies. Glick timely appeals. The district court issued a certificate of probable cause on March 9, 1987.
 
 ANALYSIS
 
 6
 The district court dismissed Glick's habeas petition on the ground that he failed to exhaust his available state remedies. Glick contends that he has met the exhaustion requirement because the statute of limitations for state post-conviction relief has run, thereby rendering all state remedies unavailable. This contention lacks merit.
 
 
 7
 This court reviews de novo the district court's dismissal of a petition for a writ of habeas corpus. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986). Under 28 U.S.C. Sec. 2254, a petitioner must exhaust his available state remedies before bringing his habeas petition in federal court. 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 515 (1982). To satisfy the exhaustion requirement, the petitioner must present the merits of each claim to the state's highest court or demonstrate that, at the time the district court rules on the petition, no state remedies are available. McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986).
 
 
 8
 Glick concedes that he has not presented the merits of his claims to the Arizona Supreme Court. Instead, he contends that Ariz.Rev.Stat. Sec. 13-4232 bars any further petitions for relief in state court.[1]
 
 
 9
 Section 13-4232(A)(4) provides that "[a] petitioner shall not be given relief ... on any ground ... [n]ot raised within a year of the date of the mandate affirming his conviction." The one-year statute of limitations of section 13-4232, however, applies only to the filing of a petition for post-conviction relief and does not apply to subsequent motions for rehearing or appellate review. See Ariz.Rev.Stat. Sec. 13-4233. The time limit of section 13-4232 does not bar Glick from presenting his claim to the state supreme court.[2]
 
 
 10
 Glick may also petition for delayed review of the denial of his post-conviction petition. State v. Pope, 130 Ariz. 253, 255, 635 P.2d 846, 848 (1981). Accordingly, there are state procedures available to Glick for rehearing or appellate review. Glick has failed to exhaust his state remedies. See McQuown, 795 F.2d at 809.[3]
 
 
 11
 The judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36.3
 
 
 [1]
 Glick failed to raise this issue in district court. This court generally does not consider an issue not raised in the district court. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). If "the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record had been fully developed," however, this court may address the issue for the first time on appeal. Id. at 1042. Whether Ariz.Rev.Stat. Sec. 13-4232 bars further state court relief is a legal issue
 
 
 [2]
 Furthermore, the Arizona Court of Appeals has held that section 13-4232 is unconstitutional because it is a procedural rule and only the state supreme court, not the state legislature, is empowered to make procedural rules. State v. Fowler, 156 Ariz. 408, 752 P.2d 497, 502 (Ariz.App.1987); see Ariz. Const. Art. VI Sec. 5
 
 
 [3]
 Glick also contends that State v. Shattuck, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), precludes him from petitioning the state supreme court because the duties of an indigent defendant's appointed counsel end after an appeal is decided by the Arizona Court of Appeals. Shattuck, however, held only that a defendant cannot demand that his appointed counsel petition the state supreme court for review. Shattuck, 140 Ariz. at 585, 684 P.2d at 157. The court did not prohibit a defendant from petitioning for review pro per. Id. Accordingly, Glick's contention is without merit