T.C. Memo. 2012-27

UNITED STATES TAX COURT

RONALD E. BYERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3032-10L.                          Filed January 30, 2012.

Ronald E. Byers, pro se.

<u>Kristin M. Timmons</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  In this collection case under section 6330[1] petitioner challenges respondent's notice of intent to levy relating to outstanding Federal income and self-employment taxes, penalties, and interest petitioner owes for years 1999 through 2002.

This case is before us on respondent's motion for summary judgment under Rule 121.

<u>Background</u>

Petitioner failed to file Federal income tax returns for 1999 through 2002 (the periods subject to collection).  Indeed, petitioner has failed to file Federal income tax returns for many years.

Under the authority of section 6020(b), respondent conducted an examination and prepared substitute Federal income tax returns for petitioner for the periods subject to collection.

On March 22, 2005, respondent mailed to petitioner a notice of deficiency relating to petitioner's Federal income and self-employment taxes for each of the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

periods subject to collection. Respondent's income and self-employment tax deficiencies against petitioner were based on respondent's determination that in each year petitioner received income as an independent truck driver.

Petitioner filed a petition in this Court challenging respondent's deficiency determinations for each of the periods subject to collection. After a trial held on March 5, 2007, this Court issued its written opinion upholding respondent's income and self-employment tax deficiency determinations against petitioner. Byers v. Commissioner, T.C. Memo. 2007-331 (Byers I), aff'd, 351 Fed. Appx. 161 (8th Cir. 2009) (Byers II).

On April 30, 2008, petitioner appealed Byers I to the Court of Appeals for the Eighth Circuit.

Petitioner did not post a bond to suspend collection of the above deficiencies that were sustained by this Court, see Rule 192, and therefore respondent assessed the taxes determined by respondent and sustained by us.

On January 21, 2009, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing relating to the above deficiency determinations and assessments against petitioner.

On February 18, 2009, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In his collection due process

(CDP) hearing request, petitioner raised a variety of arguments, including the incorrectness of our opinion in Byers I sustaining respondent's deficiency determinations against petitioner for the periods subject to collection. In his Form 12153 petitioner never mentions an offer-in-compromise or an installment agreement, and petitioner expressly requests that the CDP hearing be conducted solely by correspondence.

As a supplement to his Form 12153, on June 15, 2009, petitioner submitted a letter to respondent's settlement officer labeling the letter "Part I" and stating that he was "reserving the right to furnish additional clarifying or new information." In this letter, petitioner simply reasserted his claim that the income and self-employment taxes were incorrectly determined and asserted that his appeal to the Court of Appeals for the Eighth Circuit was likely to result in reversal of Byers I and therefore, in petitioner's opinion, suspension of respondent's proposed levy was called for.

On November 4, 2009, respondent's settlement officer contacted respondent's trial attorney from Byers I in order to obtain copies of the notices of deficiency for the periods subject to collection.

On November 10, 2009, this Court's opinion in Byers I was affirmed by the Court of Appeals for the Eighth Circuit.

On April 17, 2010, petitioner filed a petition for writ of certiorari to the Supreme Court seeking reversal of <u>Byers II</u>.

On November 24, 2009, after more than five months from receipt of petitioner's June 15, 2009, letter, and without receiving any further information or communications from petitioner, respondent's settlement officer issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining respondent's proposed levy action.

Respondent's notice of determination and the administrative record relating thereto fully disclose the basis for the adverse determination against petitioner and confirm that the settlement officer did not omit any relevant factor required to make such determination.

On April 19, 2010,[2] petitioner filed the instant action in an effort to prevent respondent's collection by levy of the income and self-employment taxes determined by respondent and sustained by this Court in <u>Byers I</u> and affirmed by the Court of Appeals for the Eighth Circuit in <u>Byers II</u>.

---

[2]Petitioner's original petition herein was filed on December 30, 2009. This document, however, failed to comply with the Rules as to the form and content of a proper petition. The Court ordered petitioner to file a proper amended petition on or before April 15, 2010. Under Rule 25(c), the Court accepted petitioner's amended petition as timely and filed it on April 19, 2010.

On October 4, 2010, petitioner's petition for writ of certiorari to the Supreme Court was denied. Byers v. Commissioner, 131 S. Ct. 79 (2010).

Discussion

Because petitioner resided in Minnesota at the time he filed his petition, venue for appeal is the Court of Appeals for the Eighth Circuit. See sec. 7482(b).

Where the underlying liability is not properly in issue, we review respondent's Appeals Office determination for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

In Robinette v. Commissioner, 439 F.3d 455 (8th Cir. 2006), rev'g 123 T.C. 85 (2004), the Court of Appeals for the Eighth Circuit held generally that judicial review in CDP cases of non-liability-related issues is limited to the administrative record and that new evidence may be admissible only if the administrative record does not adequately explain the basis of respondent's determination or if there is an irregularity in the conduct of the hearing or some defect in the record. Murphy v. Commissioner, 125 T.C. 301 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Attached to respondent's motion for summary judgment are the following documents: (1) copies of respondent's certified Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, relating to petitioner's

Federal income and self-employment tax liabilities for 1999 through 2002; and (2) an affidavit of respondent's settlement officer who conducted petitioner's CDP hearing.

Under section 6330(c)(4) an issue may not be raised during a CDP hearing if the issue was raised and considered in a previous administrative or judicial proceeding and the person raising the issue participated meaningfully in the proceeding.

In light of this Court's decision in Byers I, and the affirmance thereof by the Court of Appeals for the Eighth Circuit, relating to petitioner's Federal income and self-employment tax liabilities for the periods subject to collection, petitioner is herein estopped from raising any issue as to his liability for such taxes and as to the amounts thereof. See sec. 6330(c)(2)(B).

None of petitioner's arguments herein gives rise to a genuine issue of material fact, and we may grant summary judgment as a matter of law. See Rule 121(b); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 75-76 (2004), aff'd, 404 F.3d 1291 (11th Cir. 2005).

Petitioner complains that the taxes determined by respondent were improperly assessed and collection was improperly initiated because of the pendency of his appeal of Byers I to the Court of Appeals for the Eighth Circuit.

However, section 7485 provides that respondent may assess a deficiency and initiate collection during an appeal from the Tax Court unless the taxpayer posts a bond, which petitioner did not do.  See Rule 192.

Petitioner alleges that respondent's settlement officer erroneously failed to recognize collection alternatives to the proposed levy.  However, in his CDP hearing request and during the approximately five months the CDP hearing was pending before the settlement officer, petitioner failed to raise any collection alternative to the proposed levy.  Further, petitioner failed to submit any financial information and to file subsequent-year tax returns, both prerequisites for any meaningful consideration of a collection alternative.  See Shanley v. Commissioner, T.C. Memo. 2009-17 ("It is ordinarily not an abuse of discretion for an appeals officer to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information." (citing  Prater v. Commissioner, T.C. Memo. 2007-241, Chandler v. Commissioner, T.C. Memo. 2005-99, and Roman v. Commissioner, T.C. Memo. 2004-20)); see also Magana v. Commissioner, 118 T.C. 488, 493-494 (2002) (holding that in general issues not raised at the administrative level may not later be raised for the first time in court).

Petitioner alleges generally that the settlement officer did not verify that all of the legal and administrative requirements of section 6330(c)(1) have been met. To the contrary, the record herein adequately establishes that respondent's settlement officer verified that the assessments were properly made, that requirements of all applicable law and administrative procedure were met, and that the settlement officer considered whether the proposed levy was more intrusive than necessary. See sec. 6330(c)(3). We conclude that respondent's settlement officer did not abuse her discretion in sustaining respondent's proposed levy.

Petitioner claims irregularity in the assessment process and that the assessments are "higher than authorized by law". To the contrary, the assessed amounts reflect the amounts set forth in this Court's decision document filed on November 13, 2007. In objecting to respondent's motion for summary judgment petitioner has not raised any credible factual issue with regard to the legal and administrative requirements of section 6330.

Petitioner has failed to make any credible prima facie showing that any exception to the record rule applies in this case, and petitioner has failed to allege any material fact in dispute.

Petitioner claims that the settlement officer failed to give him the opportunity to submit more information following his June 15, 2009, letter. To the

contrary, nothing prevented petitioner from submitting additional information to the settlement officer during the five months that the matter was pending before her.

Petitioner claims that during the CDP hearing the settlement officer improperly communicated ex parte with respondent's Appeals officer and "other IRS employees". Petitioner has presented no credible support for this claim. The record before us adequately confirms that any communications between the settlement officer and other IRS personnel during petitioner's CDP hearing related solely to administrative, ministerial, or minor procedural matters. Rev. Proc. 2000-43, sec. 3, Q&A 1, 2, 5, 2000-2 C.B. 404, 405.

Lastly, in his objection to respondent's motion for summary judgment petitioner raises an issue not raised during his CDP hearing–namely, the constitutionality under the U.S. Constitution's Appointments Clause, see U.S. Const. art. II, sec. 2, cl. 2, of respondent's delegation of authority to respondent's Appeals Office (and to respondent's settlement officer within the Appeals Office) to conduct the CDP hearing and to issue the notice of determination. Petitioner's constitutional argument was addressed and rejected in Tucker v. Commissioner, 135 T.C. 114 (2010), appeal filed (D.C. Cir. May 24, 2011).

Petitioner focuses on the authority of respondent's Appeals Office and argues that Tucker is not controlling because it focused on the person of the settlement officer, not on the office in which the settlement officer works. However, the Court in Tucker noted that "there is no constitutional issue as to whether the Office of Appeals itself was 'established by law'; rather, the issue is whether there are, within the Office of Appeals, personnel who are 'officers' whose positions are 'established by law'." Id. at 153 n.69.

As respondent explains on brief, the Appointments Clause governs appointment of individual persons as "officers of the United States". It does not apply to a group of individuals who collectively constitute an office. See, e.g., Buckley v. Valeo, 424 U.S. 1, 126 (1972) ("[A]ny appointee exercising significant authority pursuant to the laws of the United States is an 'Officer of the United States,' and must, therefore, be appointed in the manner prescribed by * * * [the Appointments Clause]." (Emphasis added.)); United States v. Germaine, 99 U.S. 508, 510 (1879) ("That all persons who can be said to hold an office under the government about to be established under the Constitution were intended to be included within one or the other of * * * [the] modes of appointment there can be but little doubt." (Emphasis added.)).

For the reasons stated, respondent's motion for summary judgment will be granted.

An appropriate order and decision will be entered.