FILED

NOT FOR PUBLICATION

JUL 12 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIVATHARAN NATKUNANATHAN, | No. 10-72151 |
| Petitioner - Appellant, | Tax Ct. No. 17291-07 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted June 26, 2012**

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Sivatharan Natkunanathan appeals pro se from the Tax Court's decision,

after a bench trial, upholding the Commissioner of Internal Revenue's

determination of an income tax deficiency and a late-filing addition to tax for tax

_____

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

year 2003. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions and for clear error its factual determinations. *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir. 1995). We affirm.

The Tax Court properly determined that Natkunanathan failed to establish his entitlement to a partial exclusion of the gains he received from selling Intel Corporation stock. *See* 26 U.S.C. § 1202(a)(1) (permitting exclusion of 50% of gains from sale of qualified small business stock, provided that taxpayer held the stock for more than five years).

The Tax Court did not clearly err in determining that Natkunanathan was not entitled to claimed deductions for payments for software development that he never received. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (taxpayer bears burden of showing right to claimed deduction, and Tax Court's factual determination that taxpayer has failed to produce sufficient evidence to substantiate deduction must be upheld unless it constitutes clear error); *United States v. Pacheco*, 912 F.2d 297, 304 (9th Cir. 1990) (taxpayer cannot deduct bad debt under 26 U.S.C. § 166 if it arises from unpaid wages, fees, and similar items of taxable income not reported as income on a return); *Marks v. Comm'r*, 390 F.2d 598, 599 (9th Cir. 1968) (deductible business losses under 26 U.S.C.§ 165 require loss of existing capital and do not include the failure to realize anticipated income).

The Tax Court did not clearly err in determining that Natkunanathan failed to produce sufficient evidence to demonstrate his entitlement to claimed business deductions for meals and entertainment, advertising, and home office expenses. *See* 26 U.S.C. § 162(a) (permitting deduction of certain "ordinary and necessary" business expenses); *id.* at § 274(d) (setting forth substantiation requirements for claimed deductions for entertainment expenses); *id*. at § 280A(c)(1) (setting forth limited business use exceptions to general prohibition on deductions with respect to taxpayer's residence); *Sparkman*, 509 F.3d at 1159; *Meridian Wood Prods. Co. v. United States*, 725 F.2d 1183, 1188 (9th Cir. 1984) (absent substantiation of date, place, amount, business purpose, and business relationship, entertainment expense deductions are disallowed).

Natkunanathan's remaining contentions are unpersuasive.

Natkunanathan's "ex parte application for order sealing for privacy protection," filed on July 8, 2011, is denied.

**AFFIRMED.**