T.C. Memo. 2015-106

UNITED STATES TAX COURT

SIVATHARAN NATKUNANATHAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10332-14L.                          Filed June 9, 2015.

Sivatharan Natkunanathan, pro se.

<u>Robert H. Berman</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case petitioner seeks

review pursuant to section 6330(d)(1)[1] of the determination by the Internal Reve-

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** nue Service (IRS or respondent) to uphold a notice of intent to levy.

Respondent has moved for summary judgment under Rule 121, contending that

there are no disputed issues of material fact and that his action in sustaining the

proposed levy was proper as a matter of law. We agree and accordingly will grant

the motion.

Background

The following facts are based on the parties' pleadings and motion papers,

including attached exhibits and affidavits. See Rule 121(b). For facts relating to

the general background of this case, we take judicial notice of the docket entries in

Natkunanathan v. Commissioner, T.C. Memo. 2010-15, aff'd, 479 Fed. Appx. 775

(9th Cir. 2012), and of petitioner's subsequent (and frivolous) filings in the U.S.

Supreme Court.[2]

Petitioner filed his 2003 Federal income tax return late and subsequently

sought to amend it on at least three separate occasions. Following an examination

---

[2]A court may take judicial notice of appropriate adjudicative facts at any stage in a proceeding whether or not the parties request it. See Fed. R. Evid. 201(a), (c); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (stating that the court "may take judicial notice of court filings and other matters of public record"); United States v. Harris, 331 F.2d 600, 601 (6th Cir. 1964) (explaining that a court may take judicial notice sua sponte). In general, a court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b).

**[*3]** of his original return, the IRS determined a tax deficiency and additions to tax and sent a notice of deficiency by certified mail to petitioner's last known address. Petitioner timely petitioned this Court; the case was tried; and we issued an opinion, <u>Natkunanathan</u>, T.C. Memo. 2010-15, finding for 2003 a deficiency and an addition to tax. Petitioner appealed to the U.S. Court of Appeals for the Ninth Circuit, which affirmed our decision. <u>Natkunanathan v. Commissioner</u>, 479 Fed. Appx. 775. Petitioner filed several motions in the Supreme Court seeking permission to file a petition for writ of certiorari out of time; these motions were denied. He has attempted to file numerous other documents with the Supreme Court; it has refused to accept those filings.

When taking his appeal to the Court of Appeals, petitioner did not post a bond to stay assessment and collection. <u>See</u> sec. 7485(a); Rule 192. Respondent accordingly assessed petitioner's tax liability for 2003 and proceeded to collect it. On June 17, 2013, two months after the Supreme Court denied petitioner's second motion, the IRS sent him a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. He there stated, as his reason for requesting a CDP hearing: "The Federal income tax deficiency is currently on appeal in the United States Supreme Court." On the Form 12153 petitioner did not

[*4] check any of the boxes for requesting a collection alternative or innocent spouse relief.

On December 16, 2013, a settlement officer (SO) from the IRS Office of Appeals sent petitioner a letter scheduling a correspondence hearing and requesting financial information. Petitioner did not provide any of the requested financial information or suggest a collection alternative. After he failed to participate in the CDP hearing, the SO sent him a "last chance" letter, to which he responded by sending the SO "summary copies of Supreme Court proceedings," but no financial information. The SO thereupon closed the case and, on April 14, 2014, the IRS sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the levy. While residing in California, petitioner timely petitioned this Court for review.

## Discussion

I.      Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992),

**[\*5]** aff'd, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

Where (as here) the taxpayer cannot dispute his underlying tax liability,[3] the Court reviews the IRS' determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 21 (1st Cir. 2006). We accordingly review the SO's actions with respect to 2003 for abuse of discretion only.

Petitioner responded to the motion for summary judgment, but his response alleges no dispute as to any material fact. In the light of respondent's motion, his

---

[3]Section 6330(c)(2)(B) permits a taxpayer to challenge the existence or amount of his underlying liability in a CDP proceeding only if he did not receive a notice of deficiency or otherwise have a prior opportunity to contest that liability. Petitioner received a notice of deficiency for 2003 and contested that liability in this Court. See Natkunanathan, T.C. Memo. 2010-15. His underlying tax liability for 2003 was therefore not at issue in his CDP hearing.

**[*6]** supporting affidavits, and petitioner's response thereto, we conclude that no material facts are in dispute and that this case may be adjudicated summarily.

II.    Analysis

In deciding whether the SO abused her discretion in sustaining the levy, we consider whether she:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

It is clear from our review of the record that the SO analyzed the transcript of petitioner's account and properly verified that the requirements of applicable law and administrative procedure were followed.  Petitioner proposed no collection alternative, and the SO in sustaining the levy properly balanced "the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See id.  The only question is whether petitioner at his CDP hearing raised any issue that has merit.

The answer to that question is clearly "No."  As his only basis for requesting a CDP hearing, petitioner stated that his 2003 tax liability was "on appeal in the

**[*7]** United States Supreme Court." That statement was false. Petitioner did not file a timely petition for certiorari, and the Supreme Court denied his motions for leave to petition out of time.

When a taxpayer timely petitions this Court in response to a notice of deficiency, the IRS generally may not proceed to assess or collect the tax "until the decision of the Tax Court has become final." Sec. 6213(a). Where (as here) a decision of our Court has been affirmed on appeal, the decision becomes final "[u]pon the expiration of the time allowed for filing a petition for certiorari." Sec. 7481(a)(2)(A). The Ninth Circuit issued its mandate on September 6, 2012; as of December 16, 2013, when petitioner's CDP hearing was scheduled, the period for seeking certiorari had expired at least nine months previously. See 28 U.S.C. sec. 2101(c) (2012). Our decision in petitioner's 2003 case was thus "final," and there was no basis for petitioner's assertion that the IRS was statutorily barred from seeking to collect the tax.

Even if our decision had not been "final," the IRS would still have been free to collect petitioner's tax liability because he had failed to post an appeal bond. Section 7485 provides that, "[n]otwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, * * * [appellate] review under section 7483 shall not operate as a stay of assessment or collection

[*8] of any portion of * * * the deficiency determined by the Tax Court" unless the taxpayer files a timely notice of appeal and, as relevant here, also posts a bond as provided in section 7485(a)(1). Petitioner did not post such a bond. If no bond is posted, the IRS may properly assess taxes and initiate collection during the pendency of the appeal. Burke v. Commissioner, 124 T.C. 189, 191 n.4 (2005); Byers v. Commissioner, T.C. Memo. 2012-27, aff'd, 740 F.3d 668 (D.C. Cir. 2014); Schroeder v. Commissioner, T.C. Memo. 2005-48. For this reason as well, the SO correctly rejected petitioner's contention that his supposed pursuit of further appellate review prevented the IRS from levying to collect his 2003 tax liability. See Kovacevich v. Commissioner, T.C. Memo. 2009-160, slip op. at 6 n.4; see also Dawn v. Richmond, 861 F.2d 268 (9th Cir. 1988) (unpublished table decision) (holding that the Commissioner's assessment and collection activities did not violate taxpayers' statutory or constitutional rights where they did not post a bond).

Once a taxpayer has been given a reasonable opportunity for a hearing but fails to avail himself of it, the Commissioner may make a determination based on the case file. See, e.g., Oropeza v. Commissioner, T.C. Memo. 2008-94, aff'd, 402 Fed. Appx. 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, aff'd, 130 Fed. Appx. 934 (9th Cir. 2005); sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. The SO tried to schedule a CDP hearing with petitioner

[*9] and, when he failed to respond, gave him a final opportunity to contest the levy by sending him a "last chance" letter.  On the record before us, we find that petitioner was given a reasonable opportunity to seek a collection alternative if he desired one; he completely failed to take advantage of that opportunity.  Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the proposed collection action.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.