T.C. Memo. 2017-28

UNITED STATES TAX COURT

RONALD E. BYERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24354-14L.                          Filed February 6, 2017.

Ronald E. Byers, pro se.

Melissa Jane Hedtke and John Schmittdiel, for respondent.

MEMORANDUM OPINION

NEGA, Judge: Petitioner seeks review pursuant to sections 6320(c) and

6330(d)(1)[1] of respondent's determination to sustain the filing of a notice of

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*2]** Federal tax lien with respect to petitioner's unpaid Federal income tax liabilities, additions to tax, and interest for tax years 1999-2002. Respondent has moved for summary judgment under Rule 121. For the reasons explained below, we will grant the motion.

## Background

The following facts are derived from the petition, the exhibits attached to respondent's motion for summary judgment, and the parties' other filings in this case. Petitioner resided in Minnesota when the petition was filed.

Petitioner failed to file Federal income tax returns for 1999 through 2002 (taxable years at issue). On March 22, 2005, respondent sent petitioner a notice of deficiency relating to petitioner's Federal income and self-employment taxes for the taxable years at issue. Petitioner filed a petition in this Court challenging respondent's deficiency determination and additions to tax for each of the taxable years at issue. After a trial, this Court issued its written opinion upholding respondent's deficiency determinations and additions to tax against petitioner. Byers v. Commissioner, T.C. Memo. 2007-331, aff'd, 351 F. App'x 161 (8th Cir. 2009).

Petitioner did not post a bond to stay assessment and collection of the aforementioned deficiencies sustained by this Court, and therefore on May 12,

**[*3]** 2008, respondent assessed the taxes, additions to tax, and interest as he had determined.  See Rule 192.

On October 22, 2013, respondent filed a notice of Federal tax lien against petitioner for the taxable years at issue and sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under Section 6320, with respect to his unpaid Federal income tax liabilities, additions to tax, and interest for the taxable years at issue.

In response petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing.  Petitioner did not specify a collection alternative but rather created and checked his own checkbox, labeled "Collection Alternative".  Petitioner also requested the lien be subordinated, discharged, or withdrawn because it was overly intrusive and unwarranted.  Lastly, petitioner requested that the collection due process (CDP) hearing be held "exclusively by correspondence".

The correspondence between petitioner and respondent lasted from January 9 until August 22, 2014.  During this time respondent informed petitioner of the available collection alternatives (full payment, installment agreement, offer-in-compromise, currently not collectible, discharge of lien, withdrawal of lien, subordination of lien, and substitution of other assets) and their associated

[*4] requirements.  Specifically, respondent informed petitioner that in order for the settlement officer (SO) to consider the substitution of other assets as a collection alternative, petitioner had to send the SO specific information on the asset(s) he would like substituted, including a description, the location, and an appraisal or detailed valuation of the assets.  Respondent also informed petitioner that for any collection alternative to be considered, petitioner had to complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and file signed tax returns for tax years 2008-13.

Petitioner never requested a collection alternative.[2]  Furthermore, petitioner did not submit a Form 433-A, file signed tax returns for 2008-13, or supply the required financial information with respect to any collection alternative.

On September 26, 2014, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 of the Internal Revenue Code, sustaining the notice of Federal tax lien filing. Petitioner timely filed a petition for review of respondent's determination.

---

[2]Petitioner "tentatively proposed" (his own words) the substitution of other assets under sec. 6330(c)(2)(A)(iii) but never affirmatively requested it as a collection alternative nor actively pursued it with the SO.

Discussion

[*5] I.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The opposing party cannot rest upon mere allegations or denials in his pleadings and must "set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d). The factual materials and inferences drawn from them will be considered in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993).

Sections 6321 and 6323 impose a valid lien, which arises when assessment is made, in favor of the United States on all property and property rights of a person who is liable for unpaid Federal taxes after demand for payment has been made. See sec. 6322. Section 6320(a) requires the Secretary to send written

[*6] notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.

At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives. See secs. 6320(c), 6330(c)(2)(A). Taxpayers are to provide all relevant information requested by Appeals. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

Where, as here, the underlying tax liability is not at issue, this Court reviews the Appeals officer's determinations for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). The Court of Appeals for the Eighth Circuit has held that judicial review of nonliability issues under section 6330(d) is limited to the administrative record (i.e., the administrative record rule). See Robinette v. Commissioner, 439 F.3d 455, 460 (8th Cir. 2006), rev'g 123 T.C. 85 (2004).[3]

_____

[3]The Court of Appeals for the District of Columbia Circuit held in Byers v. Commissioner, 740 F.3d 668, 675-677 (D.C. Cir. 2014), aff'g T.C. Memo. 2012-27, that under sec. 7482 the Court of Appeals for the District of Columbia Circuit is the proper appellate venue in collection cases under secs. 6320 and 6330 where

(continued...)

**[\*7]** Petitioner has failed to set forth specific facts showing that there is a genuine dispute for trial. A review of the administrative record indicates that the SO verified that (1) the CDP hearing was conducted by an officer or employee who had no prior involvement, per section 6320(b)(3); (2) the requirements of applicable law and administrative procedure were met; and (3) the SO properly balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action be no more intrusive than necessary. Furthermore, petitioner did not request any collection alternative. Irrespective, the SO informed petitioner of all available collection alternatives as well as the documentation required to pursue each.

Petitioner alleges that the SO engaged in prohibited ex parte communications and that respondent omitted or concealed material documents

---

[3](...continued)
the underlying liability is not at issue. The court in <u>Byers v. Commissioner</u>, 740 F.3d at 677, however, stated: "We have no occasion to decide in this case whether a taxpayer who is seeking review of a CDP decision on a collection method may file in a court of appeals other than the D.C. Circuit if the parties have not stipulated to venue in another circuit." The Court of Appeals for the District of Columbia Circuit has not yet weighed in on the question of whether the administrative record rule governs in a collection review hearing under secs. 6320 and 6330. Furthermore, the newly enacted sec. 7482(b)(1)(G), providing proper venue for petitions under sec. 6320 or 6330 to the U.S. Court of Appeals for the circuit in which is located the legal residence of the petitioner if the petitioner is an individual, is inapplicable in this case because it applies only for petitions filed after December 18, 2015. Petitioner filed his petition on October 14, 2014.

**[\*8]** from the administrative record. A review of the record fails to show any prohibited ex parte communications. Further, petitioner does not specify which documents were omitted or concealed but merely rests on his assertions, thereby failing to set forth specific facts showing there is a genuine dispute for trial.

The remainder of petitioner's alleged "factual disputes" are nothing more than legal arguments in the form of tax-protester rhetoric and have been universally rejected by this and other courts. See e.g., Byers v. Commissioner (Byers I), T.C. Memo. 2012-27, aff'd, 740 F.3d 668 (D.C. Cir. 2014). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

We conclude that there is no genuine dispute as to a material fact and that respondent is entitled to a decision as a matter of law.

II.    Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 if it appears that the taxpayer has instituted or maintained proceedings primarily for delay or the taxpayer's position is frivolous or groundless.

**[*9]** Petitioner has appeared before this Court numerous times, including in Byers v. Commissioner, T.C. Dkt. No. 15841-11 (Apr. 24, 2013) (bench opinion), aff'd per order, No. 13-3292 (8th Cir. Oct. 28, 2014), where the Court imposed a section 6673(a)(1) penalty of $5,000 for instituting and maintaining the proceeding primarily for delay and for advancing frivolous and groundless arguments after petitioner had been cautioned in a prior case against asserting previously rejected arguments. Petitioner again appeared before the Court in Byers I, where he challenged respondent's notice of intent to levy with respect to the same taxable years currently at issue by advancing substantially similar and equally frivolous contentions.[4]

Petitioner now is before this Court again and has persisted in instituting and maintaining this proceeding primarily for delay and has advanced the same frivolous arguments as in Byers I. We therefore require petitioner to pay to the United States under section 6673(a)(1) a penalty of $10,000. We warn petitioner that the assertion of frivolous positions, or the instituting and maintaining of any proceeding primarily for delay, in any future appearance before this Court may result in a higher penalty.

_____

[4]The Court specifically addressed, and rejected at length, petitioner's argument that the CDP hearing and notice of determination were unconstitutional because they were in violation of the U.S. Constitution's Appointments Clause.

[*10] To reflect the foregoing,

An appropriate order and decision

will be entered.