T.C. Memo. 2019-76

UNITED STATES TAX COURT

RONALD E. BYERS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 3032-10L.                    Filed June 18, 2019.

Ronald E. Byers, pro se.

<u>Melissa J. Hedtke</u>, <u>John Schmittdiel</u>, <u>Douglas C. Rennie</u>, and <u>Teresa E.</u>
<u>McLaughlin</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This case is before the Court on remand from the U.S.

Court of Appeals for the District of Columbia Circuit with instructions to clarify

[*]This opinion supplements our previously filed opinion <u>Byers v.</u>
<u>Commissioner</u>, T.C. Memo. 2012-27.

[*2] the legal grounds and reasoning underlying this Court's January 13, 2015, order issued by Judge Stephen J. Swift on behalf of this Court denying petitioner's motion for leave to file out of time motion to vacate order and decision (motion for leave). If petitioner's motion for leave had been granted, the Court would have filed petitioner's motion to vacate order and decision (in which petitioner contended that respondent committed fraud on the Court), lodged August 19, 2014. In response to the question presented by the remand, we conclude that denial of petitioner's motion was justified on the grounds that petitioner's underlying motion to vacate order and decision lacked merit.

## Background

Respondent filed a motion for summary judgment in this collection due process (CDP) case on May 19, 2011. We granted that motion and upheld the determination of the Internal Revenue Service Office of Appeals allowing collection by levy of petitioner's unpaid tax liabilities for tax years 1999-2002. Byers v. Commissioner, T.C. Memo. 2012-27 (Swift, J.[1]), aff'd, 740 F.3d 668 (D.C. Cir. 2014). In accordance with that opinion, on February 13, 2012, the

---

[1]Judge Swift was appointed by President Reagan to serve a 15-year term as a Judge of the Tax Court beginning on August 16, 1983, and was reappointed by President Clinton to a second 15-year term beginning on December 1, 2000. Judge Swift retired from active service on September 6, 2007, and from service as a senior Judge on December 31, 2015.

**[\*3]** Court granted respondent's motion for summary judgment and entered decision in this case.

On March 13, 2012, petitioner filed a motion under Rule 162[2] to vacate the order and decision that accompanied Judge Swift's opinion. Judge Swift denied that motion on May 8, 2012. On August 9, 2012, petitioner filed an appeal in the U.S. Court of Appeals for the District of Columbia Circuit from the Tax Court's May 8, 2012, order denying his March 13, 2012, motion. The Court of Appeals affirmed the order and decision of the Court and denied a petition for rehearing en banc. Byers v. Commissioner, 740 F.3d 668. On July 16, 2014, petitioner filed a writ of certiorari with the Supreme Court.

After the Tax Court entered its order and decision, respondent filed a notice of Federal tax lien against petitioner to collect the same tax liabilities which are at issue here. Petitioner requested a CDP hearing before Appeals. In a letter dated January 28, 2014, petitioner disputed the existence and amount of any late payment additions to tax for 1999-2002. By letter dated May 13, 2014, Settlement Officer (SO) Joel Mansager replied to petitioner's January 28, 2014, letter. With the letter SO Mansager included transcripts and payoff information for each of

---

[2]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

**[*4]** those tax years. The letter also said that the underlying tax liabilities remained unpaid and that the failure to pay additions to tax had not been included with the original assessment but had accrued because petitioner had failed to pay the tax.

On August 19, 2014, after denial of petitioner's motion for rehearing en banc and during the pendency of petitioner's writ of certiorari, petitioner filed the motion for leave and lodged a motion to vacate order and decision, in which petitioner alleged that respondent had obtained a favorable decision from the Tax Court on respondent's motion for summary judgment by fraudulently representing that the failure to pay additions to tax had been assessed and then later disclosing to petitioner that those additions to tax had accrued but had not been assessed.

The Supreme Court denied petitioner's petition for writ of certiorari on October 6, 2014. Petitioner filed a petition for rehearing from the denial of the writ of certiorari, which was denied on December 15, 2014.

On January 13, 2015, Judge Swift denied petitioner's August 19, 2014, motion for leave without explanation. On February 5, 2015, petitioner filed with this Court a motion for withdrawal of the January 13, 2015, order. Judge Swift denied that motion on February 23, 2015.

**[\*5]** On April 14, 2015, petitioner appealed to the U.S. Court of Appeals for the District of Columbia Circuit this Court's denial of his motion for leave. On December 14, 2016, the Court of Appeals remanded the case to the Tax Court with the following instructions: "On remand, the Tax Court is directed to clarify the legal grounds and reasoning underlying its January 13, 2015 order denying appellant's motion for leave to file a motion to vacate."[3]

Discussion

A.    Petitioner's Motion to Vacate Order and Decision Lacked Merit

   1.    The Tax Court Has Jurisdiction After a Decision Is Final to Decide Whether a Party Committed Fraud on the Court

Generally, the Tax Court lacks jurisdiction to vacate a decision once it becomes final. Lasky v. Commissioner, 235 F.2d 97 (9th Cir. 1956), aff'd, 352 U.S. 1027 (1957); Estate of Smith v. Commissioner, 123 T.C. 15, 28 (2004), vacated, 429 F.3d 533 (5th Cir. 2005); Abatti v. Commissioner, 86 T.C. 1319, 1323 (1986), aff'd, 859 F.2d 115 (9th Cir. 1988). However, the Tax Court and

---

[3]The remand of this case was not assigned to Judge Swift, who is no longer serving as a Judge of this Court. The remand states that the Tax Court shall provide the legal grounds and reasoning underlying "its" January 13, 2015, order. We take the use of a neuter pronoun by the Court of Appeals to mean that it is requesting this Court's explanation from the Court for the denial of petitioner's motion for leave. That explanation appears herein. We disagree with petitioner's contention that the remand can be satisfied only by providing the personal views of retired Judge Swift.

**[*6]** some Courts of Appeals recognize an exception to the finality rule if there has been fraud on the court. See, e.g., Drobny v. Commissioner, 113 F.3d 670, 677 (7th Cir. 1997), aff'g T.C. Memo. 1995-209; Snow v. Commissioner, 142 T.C. 413, 422 (2014). To establish that this exception applies, a party must show that the other party engaged in fraudulent conduct that was intended to mislead the Court and that the fraudulent conduct materially affected the outcome of the case. Drobny v. Commissioner, 113 F.3d at 678; see also Pasternack v. Commissioner, 478 F.2d 588, 593 (D.C. Cir. 1973) ("Although courts must normally adhere to statutory commands of finality, such commands are normally read in the light of an overriding interest of correcting injustice whenever there is fraud on the court or the integrity of the judicial process or functioning has been undercut." (fn. refs. omitted) (citing Denholm & McKay Co. v. Commissioner, 132 F.2d 243 (1st. Cir. 1942), Kenner v. Commissioner, 387 F.2d 689, 691 (7th Cir. 1968), and Greater Bos. Television Corp. v. FCC, 463 F.2d 268, 278 (D.C. Cir. 1971)).[4] In order to find fraud on the court, the party alleging fraud must show that the alleged improper conduct was an "unconscionable plan or scheme" that was "designed to

---

[4]For an example of a case reopened because of fraud on the Court, see Merriam v. Commissioner, T.C. Memo. 2005-17, supplementing T.C. Memo. 1995-432.

**[\*7]** improperly influence the court in its decision". Drobny v. Commissioner, 113 F.3d at 677 (quoting Kenner v. Commissioner, 387 F.2d at 691).

As of January 13, 2015, when the Tax Court denied petitioner's motion, the case had become final. However, according to the caselaw just cited, we may consider petitioner's fraud on the Court claim after the case is final.

> 2.      Prima Facie Case for the Underlying Motion

In deciding whether to grant a motion for leave to file a motion to vacate, the Court may look through that motion to the underlying motion to decide whether the movant has established a prima facie case in favor of granting the underlying motion. Senate Realty Corp. v. Commissioner, 511 F.2d 929 (2d Cir. 1975); Toscano v. Commissioner, 52 T.C. 295, 296 (1969), vacated by 441 F.2d 930 (9th Cir. 1971); Lewis v. Commissioner, T.C. Memo. 2005-205, reconsidered and superseded by Hartman v. Commissioner, T.C. Memo. 2008-124; Campbell v. Commissioner, T.C. Memo. 1988-105; Pulitzer v. Commissioner, T.C. Memo. 1987-408. Thus, we next decide whether petitioner has made a prima facie case that the motion underlying his motion for leave filed August 19, 2014, in which he contends respondent committed fraud on the Court, should be granted.

**[*8]** 3.    <u>Respondent Did Not Commit Fraud on the Court</u>

In his motion filed August 19, 2014, petitioner contends that respondent's summary judgment motion constituted fraud on the Court. Petitioner contends that respondent represented in the declaration of SO Lupe Silva, filed May 19, 2011, which accompanied respondent's motion for summary judgment that the Commissioner had assessed the section 6651(a)(3) additions to tax when, petitioner claims, those additions to tax had not been assessed. Petitioner relies on a May 13, 2014, letter that he received from an Appeals SO in a companion CDP hearing involving petitioner's tax years 1999-2002, which states that respondent had not assessed those additions to tax.

Petitioner contends that respondent's attempt to collect the additions to tax under section 6651(a)(3) without assessment amounted to a fraud on the Court. Section 6665(a)(1) provides the general rule that additions to tax, additional amounts, and civil penalties "shall be assessed, collected, and paid in the same manner as taxes". Although section 6651(a)(3) requires the use of deficiency procedures for some additions to tax, section 6665(b) contains an exception to that general rule. It provides that deficiency procedures "shall not apply to any

**[\*9]** addition to tax under section 6651, 6654, or 6655".[5]  Instead, these additions to tax are summarily assessed.  Meyer v. Commissioner, 97 T.C. 555, 559-560 (1991).  If the additions to tax under section 6651(a)(3) can be summarily assessed, the fact that they were not assessed along with the deficiency amounts does not constitute fraud on the Court.

In the answer to amended petition filed in this case, respondent denied petitioner's allegations regarding the assessments and stated that "the assessments Petitioner had the right to challenge did not include interest nor I.R.C. sec. 6651(a)(3)."  SO Silva's certification in the motion for summary judgment certified the assessment of only the deficiency amounts.  It did not refer to the additions to tax.  Respondent sent the final notice of intent to levy to petitioner on January 21, 2009.  This is apparently what petitioner refers to as a "statutory collection notice".  A table in this notice includes one column stating that respondent had assessed amounts of tax liability for various years and other columns stating amounts of penalty and interest for which respondent states petitioner is liable.  Petitioner contends that respondent represented through this table that the penalty and interest had been assessed.  We disagree because the

---

[5]However, deficiency procedures apply to the portion of a sec. 6651 penalty which is attributable to a deficiency.  Sec. 6655(b)(1).

**[*10]** headings above the interest and penalty amount columns do not include the word "assessed".

SO Mansager sent petitioner a letter dated May 13, 2014, which stated in part: "The payoff information indicates that the failure to pay tax penalty was not included with the assessment, however it has accrued since you have failed to pay the taxes." Petitioner alleges that SO Mansager's letter informed him for the first time that the additions to tax had not been assessed. To the contrary, respondent has been consistent in communicating to petitioner that the additions to tax had not been assessed. For example, respondent disclosed this fact in the answer to the amended petition, and the headings on the account summary attached to the notice of intent to levy do not refer to interest and late-payment additions to tax as having been assessed. Further, to the extent petitioner reads our 2012 opinion to say that the Commissioner had assessed the additions to tax, he is mistaken. The notice of determination dated November 24, 2009, to which petitioner refers, does not explicitly state that the additions to tax had been assessed. It states: "I verified through transcript analysis that assessment was made on the applicable CDP notice periods per IRC § 6201 and the notice and demand for payment letter was mailed to the taxpayer's last known address".

**[*11]** Petitioner points out that respondent's counsel represented in respondent's motion for summary judgment that she had searched the entire record before concluding that there was no genuine issue of any material fact for trial. Petitioner alleges that respondent's counsel "overlooked" respondent's formal responses to petitioner's admission requests and that in one admission response respondent said the additions had been assessed. Petitioner contends that this (what petitioner calls) misinformation provided by respondent caused the Court to overlook that there was a material dispute of fact and constituted fraud on the Court. Petitioner has not provided the Court with any documents or plausible information contradicting the statement by respondent's counsel that counsel had "reviewed the administrative file, the pleadings and all written proof submitted" and had concluded that "there is no genuine issue of any material fact for trial".

The request for admission and the response are as follows:

> 18. Petitioner had the right at his CDP hearing to challenge his liability for the addition to tax assessed against him under I.R.C. § 6651(a)(3).

> 18. Admits

The admission request discusses petitioner's right to challenge his liability for the additions to tax assessed. There is no separate admission request stating that the additions to tax had been assessed.

[*12] Petitioner alleges in his August 19, 2014, motion that Appeals' verification in the notice of determination, which respondent cited in support of respondent's motion for summary judgment, found that (1) respondent had assessed the amounts shown on the final notice of intent to levy and notice of your right to a hearing and (2) that all the assessments shown on that notice were legally valid. However, neither the final notice of intent to levy nor the notice of determination states that respondent assessed additions to tax under section 6651(a)(3).

B.    Conclusion

Petitioner has not shown that respondent intended to conceal information or mislead the Court or that respondent committed fraud on the Court. Thus, petitioner failed to establish a prima facie case for granting the motion underlying his motion for leave, and the motion for leave was properly denied.

To reflect the foregoing,

An appropriate order will be issued.